IADONE et al. v. FUSCO et al.

(Supreme Court, Appellate Term. February, 1911.)

1. APPEAL AND ERROR (§ 127*)—DECISIONS REVIEWABLE—DEFAULT JUDGMENT.
     No appeal lies from a judgment entered on default.
     [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 885–891; Dec. Dig. § 127.*]

2. COURTS (§ 189*)—MUNICIPAL COURT—DEFAULT JUDGMENT—VACATION.
     Where one of the defendants in Municipal Court presented a sufficient affidavit of merits, setting forth that it was necesary for the defendant to procure certain documentary evidence from Italy, which had been sent for, but which had not arrived, showing that the evidence was material and necessary for the defense of the action, and also presented an undertaking pursuant to Municipal Court Act (Laws 1902, c. 580) § 194, and the facts set forth in the affidavit are not denied, and defendants evidently intend to defend the action in good faith, an application for an adjournment should be granted, and judgment entered on default should be opened and set aside.
     [Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Giuseppe Iadone and others against Maria Fusco and another. From a default judgment for plaintiffs, and an order denying a motion to open and set the same aside, defendants appeal. Ap-

peal from judgment dismissed, order reversed, motion to open default granted, and judgment vacated and set aside.

Argued before SEABURY, PAGE, and BIJUR, JJ.

Palmieri & Wechsler, for appellants.

Michael O. Rini, for respondents.

PAGE, J. There can be no appeal from a judgment entered upon default. Therefore, in so far as this appeal purports to be from the judgment, it will be dismissed. On the 20th of October, 1910, the defendants' answer was filed, and defendants made an application for an adjournment for 90 days. An affidavit of Felice Cunti, one of the defendants, was presented to the court, which contained a sufficient affidavit of merits, and set forth that it was necessary for the defendant to procure certain documentary evidence from Italy, which had been sent for, but which had not arrived, and showing that the evidence was material and necessary for the defense of the action. There was also presented an undertaking pursuant to section .194 of the Municipal Court act. The facts set forth in the affidavit were not denied. The application was denied, and plaintiffs proceeded to take an inquest. Defendants promptly moved to open the default.

The defendants evidently intended to defend the action in good faith. The application for an adjournment should have been granted, and the facts that the defendants seek to prove by the documentary evidence not having been denied by the affidavit submitted by the plaintiffs in opposition to the motion, the judgment entered on the default should have been opened and set aside, in order that the defendants may have their day in court.

Order reversed, with costs, and motion to open default granted, and judgment vacated and set aside. Appeal from judgment dismissed. All concur.